B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### Northern District of Illinois

| | | |
|---|---|---|
| In re **Aida Martinez** | Case No. | **19-20730** |
| Debtor(s) | Chapter | **7** |

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) - AMENDED

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,350.00** |
   | Prior to the filing of this statement I have received | $ **1,350.00** |
   | Balance Due | $ **0.00** |

2. $ **25.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in all adversary proceedings, judicial lien avoidances, relief from stay actions, audits, reaffirmation hearings, Motions to Dismiss, Rule 2004 examinations, and all other contested matters.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **January 20, 2020** | **/s/ Peter L. Berk** |
| *Date* | **Peter L. Berk** |
| | *Signature of Attorney* |
| | **O'Keefe, Rivera, & Berk, LLC** |
| | **55 West Wacker Drive** |
| | **Suite 1400** |
| | **Chicago, IL 60601** |
| | **(312) 758-1121   Fax: (312) 212-5963** |
| | **plberk@orb-legal.com** |
| | *Name of law firm* |



ATTORNEYS AT LAW | 55 W WACKER DRIVE | SUITE 1400 | CHICAGO IL | (312) 758-1121

**FEE AGREEMENT FOR CONVERSION FROM CHAPTER 13 TO CHAPTER 7 BANKRUPTCY**

THIS CHAPTER 7 BANKRUPTCY FEE AGREEMENT is entered into on the day and year indicated below by and between: **AIDA MARTINEZ** (Client(s), (hereinafter referred to as "Client(s)" whether one or more) and O'Keefe, Rivera & Berk, LLC, (Attorney), to perform legal services as described below.

**RECITALS**

Due to the following circumstances, Client has elected to terminate her Chapter 13 case and convert her case to a Chapter 7 case:   Reduced work hours, loss of income, employer closing work location, layoff likely.  Client has consulted telephonically or in person with Attorney to review Client(s) financial situation and the alternatives available to Client(s). In this consultation, Attorney has provided information and general advice on Chapter 7 bankruptcy and the effect of conversion of the case from Chapter 13 to Chapter 7.   Client further acknowledges that the Attorney has not counseled the client to incur any indebtedness in anticipation of the bankruptcy case, except for payment of the Attorney's legal services and necessary Court costs and expenses.

1.      **EFFECT OF THIS AGREEMENT**. By signing this Fee Agreement, the Client(s) has stated a desire for further bankruptcy assistance, and hereby employs the Attorney to represent, advise, and perform legal services for the Client(s) on matters related to the conversion of the case from Chapter 13 to a Chapter 7, and for representation in the Chapter 7 proceeding. Client(s) understands and agrees that the Attorney is not required to convert the case to a Chapter 7 Bankruptcy Petition until such time as Client(s) have produced all of the necessary documents that are applicable to Client(s) case.  Client represents that Attorney has been, or will be provided with all information concerning any debts incurred since the filing of the Chapter 13 case, as those debts <u>may be included in the Chapter 7 conversion.</u>

2.      **FEES FOR CONVERSION**: For legal services provided herein, the Attorney has agreed to accept the sum of $1,350, and $25 for Court costs, for the total of $1,375.

3.      **THE CHAPTER 7 ATTORNEY FEES INCLUDE:**
(a) Analysis of the Client(s) financial situation, and rendering advice to the Client(s) in determining whether to convert the case to a Chapter 7 case.
(b) Preparation and filing of any documentation which may be required in a Chapter 7 Bankruptcy;
(c) Representation of the Client(s) at the Meeting of Creditors pursuant to 11 U.S.C. §341, and any adjourned hearings thereof,



ATTORNEYS AT LAW | 55 W WACKER DRIVE | SUITE 1400 | CHICAGO IL | (312) 758-1121

(d) Communication with client concerning questions or any other matters of concern to the client (all phone calls and emails will be returned promptly, as in the same day if possible). The Attorney encourages Clients to ask questions. There is no such thing as a "dumb" question. If Client does not understand anything having to do with the Chapter 7 case, the Client should ask.
(e) Completing reaffirmation agreements, when sent to the Attorney by secured creditors, for secured debts.

**THE ATTORNEY FEES DO NOT INCLUDE:**
The vast majority of the Attorney's Chapter 7 cases are completed, from start to finish, without any additional fees (other than the fee specified in Paragraph 2 above). However, the above disclosed FEE does NOT INCLUDE representation by the Attorney in the following, which occur **RARELY** in Chapter 7 cases:
(a) Adversary Proceeding (lawsuit), Motions to Dismiss, or other contested matters (representation will be hourly at the attorney's normal hourly rate of $225; attorney is not required to represent Client in Adversary proceedings, and Client is not obligated to retain the Attorney for adversary proceedings; advance retainer will be required)
(b) reaffirmation hearings (required when the Client's budget does not show that the Client can afford the payment for Client's car loan, or other secured debt, and the Client desires to keep the financed vehicle, or other collateral). The Attorney shall charge $225.00 for his appearance at any reaffirmation hearing.
(c) Rule 2004 Examinations, Motions to Dismiss for abuse, and audits. Representation will be at the Attorney's standard hourly rate of $225, and advance retainer will be required.
(d) Appeals. Representation will be at the Attorney's standard hourly rate of $225, and an advance retainer will be required. Attorney's representation is not mandated or required.
(e) Judgment lien avoidance. Representation shall be at the Attorney's standard hourly rate of $225, or a flat fee selected by the Attorney.

4.    **REAFFIRMATION AGREEMENTS**: Reaffirmation agreements are commonly requested by auto finance companies and other lenders who have received collateral from the client in exchange for extending credit to the client. These agreements exclude debts from the Chapter 7 discharge. In exchange, the finance company/lender must allow the client to retain the vehicle or other collateral, provided the client makes regular monthly payments according to the original loan contract. Reaffirmation agreements will only be prepared by the Attorney when the forms are received from the lender. Often, the agreements will be signed at the trustee meeting that clients must attend with the Attorney. Reaffirmation agreements are not normally required by mortgage companies. The Attorney will only prepare a reaffirmation agreement for a mortgage if the form for the agreement is received by the Attorney from the mortgage company, and only if the Attorney determines that entering into such an agreement is advisable for the client. If the reaffirmation form is not received from the lender, the Attorney is not responsible for completing the reaffirmation.



ATTORNEYS AT LAW | 55 W WACKER DRIVE | SUITE 1400 | CHICAGO IL | (312) 758-1121

5.      **CLIENT RESPONSIBILITIES AFTER THE CASE IS CONVERTED:**
(a) The Client must attend at least one meeting with the bankruptcy trustee. Client will have notice of the meeting at least 21 days in advance. There will be a $200.00 charge should the client miss the meeting of creditors, without contacting the attorney at least 24 hours in advance of the meeting (absent emergency).
(b) The Client is required to complete a course in financial management within 45 days following the trustee meeting. This course is in addition to the pre-filing credit counseling course. If this course is not completed, and the certificate of completion not sent to the Attorney within this time period, the Client's case will be closed by the Court without a discharge. A filing fee of $260 and an attorney's fee of $240, for a total of $500 is required if the Attorney must file a motion to reopen a Chapter 7 case. The fees must be paid in advance of the filing of said Motion.
(c) If, after 2 weeks from the filing date, the Client is still receiving collection action from creditors, the Client should inform the Attorney immediately. Also, if any creditor is not complying with the discharge order when it is entered, the Client should notify the Attorney immediately.
(d) Client agrees to promptly respond to communications from the Attorney and to send any additional documents as may be requested by the Attorney.

6.      **PERSONNEL**. Client acknowledges that from time to time, due to conflicts, it may be necessary for the Attorney to send colleagues and/or associate attorneys to handle matters in Client's bankruptcy case, including but not limited to representation at the meeting of creditors. If the Attorney is not available for an event in Client's bankruptcy, Client will be notified in advance. The Attorney guarantees that any substitute attorney will be familiar with Client's case and will be fully capable to handle Client's matter.

7.      **DEBTS THAT ARE NOT DISCHARGEABLE.** There are some categories of debts that are not dischargeable in Chapter 7. The most common types of debts that are not dischargeable are student loans, parking tickets and moving violations, and some tax debts. The Attorney will make every effort to identify any debts that are not dischargeable, in advance of filing the Chapter 7 case, and to discuss the debts with Client.

8.      **DISCHARGE ORDER**. The goal of every Chapter 7 case is to obtain the discharge order for the Client. This is the order that formally releases the Client from liability for dischargeable debts. The earliest the order can be obtained is 60 days after the meeting with the bankruptcy trustee. The Attorney does not guarantee success in obtaining the discharge order, but will make every effort to do so. Once the discharge order is issued, it will be sent to the Clients in the mail.



ATTORNEYS AT LAW | 55 W WACKER DRIVE | SUITE 1400 | CHICAGO IL | (312) 758-1121

9.　**TERMINATION/ END OF SERVICES.** Either party may terminate this contract at any time, by written notice, subject to the approval of the bankruptcy court, if necessary. Otherwise, the term of the agreement shall end at such time as the Client's bankruptcy case is closed or dismissed (the "End Date"). Client is responsible to pay for the Attorney's Services up to the End Date or the date the Attorney's services are terminated. If the Client terminates the agreement prior to the End Date, Attorney may charge the Client for the time spent on the file at his normal hourly rate, and will provide Client with an itemized bill to the tenth of the hour. If the total charge is less than the sum paid to the Attorney by the Client, the Client will receive a refund.

IN WITNESS WHEREOF, the parties have executed this Fee Agreement for Conversion from Chapter 13 to Chapter 7 Bankruptcy:

**AIDA MARTINEZ**

Signature: *Aida Martinez*

Date: 12/30/2019

**O'KEEFE, RIVERA & BERK, LLC**

Signature: /s/ Peter L Berk
Date: 12/28/19